## Case No. 246a.

ALLIANCE INS. CO. v. THE MORNING LIGHT.

[Betts' Scr. Bk. 531.]

District Court, S. D. New York, 1862.

ADMIRALTY—PRACTICE—APPRAISEMENT.

[Where the clerk, at the instance of the claimant of an arrested vessel, and without notice to libelant's proctor, nominates an appraiser, and posts notice of the appraisement, the proceedings are irregular, and the appraisement should be set aside.]

[In admiralty. Libel in rem by the Alliance Insurance Company against the brig Morning Light to recover damages suffered by the schooner Jerry Fowler in a collision, and paid by libelant as insurer. Heard on libelant's motion to set aside an appraisement of the brig. Granted.]

Benedict, Scoville & Benedict, for libelant.
Beebe & Donohue, for claimants.

Before BETTS, District Judge.

In this case the brig was arrested, and in the custody of the marshal. Without notice to the libellant's proctor, the clerk, at the instance of the claimants, proceeded to nominate an appraiser; the notice of the appraisement was posted up, and the vessel appraised. The libellants thereupon moved to set aside the proceedings as irregular.

## Case No. 246b.

ALLIANCE INS. CO. v. THE MORNING LIGHT.

[Betts' Scr. Bk. 586.]

District Court, S. D. New York, April 4, 1862.[1]

Before BETTS, District Judge.

## Case No. 246c.

ALLIANCE INS. CO. v. THE MORNING LIGHT.

[Betts' Scr. Bk. 709.]

Circuit Court, S. D. New York. 1862.[2]

COLLISION—INEVITABLE ACCIDENT—DARKNESS.

[Appeal from the district court of the United States for the southern district of New York.]

---

[1][Affirmed by circuit court in Alliance Ins. Co. v. The Morning Light, Case No. 246c.]
[2][Affirming Alliance Ins. Co. v. The Morning Light, Case No. 246b.]

[In admiralty. Libel in rem by the Alliance Insurance Company against the brig Morning Light to recover damages suffered by the schooner Jerry Fowler in collision, and paid by libelant as insurer. Libelant's motion to set aside an appraisement was granted, (Case No. 246a;) and the libel was thereafter dismissed, (Alliance Ins. Co. v. The Morning Light, Case No. 246b.) Libelant appeals. Affirmed.]

Benedict, Burr & Benedict, for appellant.
Beebe, Dean & Donohue, for appellees.

NELSON, Circuit Justice. The collision in this case occurred between the brig Morning Light and the schooner Jerry Fowler, on the morning of the 6th of August, 1855. Both vessels were going eastward, and were in Block Island channel, beating into Vineyard sound, the Fowler in advance; both had their starboard tacks on board, the wind easterly, about north by east. The vessels had been beating into the sound most of the night. Between three and four o'clock in the morning, the Fowler, having run out her tack, called all hands on deck to change her course. For this purpose her head was thrown into the wind. and while in that position, with sails aback, and under no headway, she was struck by the Morning Light on her starboard quarter, a little forward of the main rigging, and sunk. The night was dark and rainy, accompanied with fog, and the weight of the evidence pretty clear that the Fowler could not be seen, even with proper lookouts on the Morning Light, in time to have avoided the disaster. Both vessels appear to have been well manned, and navigated with accustomed care, and had proper lights. Of course, the hands on board the respective vessels, as usual, impute faults to each other, but each maintain the due and skillful navigation of their own vessel.

Mutual admissions of fault also are proved by witnesses from the respective vessels, to which we pay very little credit.

The state of the weather during the night and at the time of the collision is generally agreed by the witnesses on both vessels, though those on the Jerry Fowler attempt to modify somewhat the darkness. The second mate of the Fowler, Weston, says at 12 o'clock it was dark, foggy, and rainy, and at 1 o'clock fog cleared away; rain continued till 3 or 4 o'clock. When he called watch at 4 o'clock, he could see a good distance on the water,—three quarters of a mile, he supposes; could not fix the distance, but a good way off. The master. Lovejoy, says it had been raining the fore part of the night, but was partly cleared up at collision. The concurrent proof on the part of the witnesses from the Morning Light is, that the weather during the night was thick fog and raining; rain came in fog showers. The court below came to the conclusion that the disaster was the result of inevitable accident, and dismissed the libel. We concur in this conclusion.

Decree affirmed.